IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| CHERYL A. TABIT-EL, | ) |
|     Plaintiff, | ) ) ) |
| v. | )    Case No. 2:22-cv-665-RAH-SMD |
| PAUL K. LAVELLE, *et al.*, | ) ) ) |
|     Defendants. | ) |

## **RECOMMENDATION OF THE MAGISTRATE JUDGE**

Before the Court are Defendants Duane Dewey's ("Dewey"), Paul K. Lavelle's ("Lavelle"), Judge Bill Lewis's ("Judge Lewis"), and Clerk of Court Deborah Hill's ("Clerk Hill") Motions to Dismiss (Docs. 48, 49, 50) pro se Plaintiff Cheryl A. Tabit-EL's ("Tabit-EL") amended complaint. After considering the arguments set out in the Motions, the undersigned concludes that Tabit-EL has failed to state a claim upon which relief can be granted. Accordingly, Defendants' Motions should be granted.

**I.    BACKGROUND & PROCEDURAL HISTORY**

This case arises from a foreclosure and subsequent state court ejectment action filed by Lavelle on behalf of his client Trustmark National Bank ("Trustmark") in the Circuit Court of Autauga County, Alabama. *Trustmark Nat'l Bank v. Cheryl A. Palmer a/k/a Cheryl A. Tabit-EL*, 04-CV-2022-900073.00.[1] There, Trustmark alleged, *inter alia*, that

---

[1] Although a court generally may not consider matters outside the pleadings without converting a motion to dismiss to a motion for summary judgment, the Eleventh Circuit has held that "a district court may take judicial notice of matters of public record without converting a Rule 12(b)(6) motion into a Rule 56 motion." *Halmos v. Bomardier Aerospace Corp.*, 404 F. App'x 376, 377 (11th Cir. 2010); *see also Horne v. Potter*, 392 F. App'x 800, 802 (11th Cir. 2010) (citation omitted) (stating a court may properly take judicial notice

Tabit-EL defaulted on a mortgage loan for property located at 582 Sunset Drive Prattville, Alabama, and, following a foreclosure sale in which Trustmark purchased the property, Trustmark notified Tabit-EL of the purchase and demanded possession of the property. Complaint (Doc. 2), *Trustmark Nat'l Bank v. Cheryl A. Palmer a/k/a Cheryl A. Tabit-EL*, 04-CV-2022-900073.00, p. 1. Trustmark moved for summary judgment, and Judge Lewis, who was the presiding judge in the state-court action, entered an order granting the motion. Mot. (Doc. 9); Judgment (Doc. 25), *Trustmark Nat'l Bank v. Cheryl A. Palmer a/k/a Cheryl A. Tabit-EL*, 04-CV-2022-900073.00. Judge Lewis concluded that Trustmark was entitled to immediate possession of the property and that, should Tabit-EL not vacate the property, the Autauga County Sheriff was to remove Tabit-EL and her possessions from the property. *Id.* at 1-2.

Tabit-EL filed suit in this Court in November 2022. Compl. (Doc. 1). Thereafter, Defendants filed their initial motions to dismiss (Docs. 28, 29, 30). In January 2023, Tabit-EL filed an amended complaint after the deadline to amend as a matter of right had passed. Am. Compl. (Doc. 46). Despite the untimeliness of her filing, the undersigned entered an order construing Tabit-EL's amended complaint as containing a motion for leave to amend and granted the motion as construed. Order (Doc. 55) pp. 2-4. Thus, Tabit-EL's amended complaint superseded her original complaint.

---

of the pleadings and orders in another case, without "converting [the] motion to dismiss into a motion for summary judgment."). Thus, the undersigned takes judicial notice of the pleadings and orders filed in the state court action between Trustmark and Tabit-EL.

Defendants moved to dismiss Tabit-EL's amended complaint. Mots. to Dismiss (Docs. 48, 49, 50). In response, Tabit-EL filed a document styled as a "Motion to Quash Defendants' Motions to Dismiss" (Doc. 51). The undersigned denied the motion and ordered Tabit-EL to file a written response and show cause why Defendants' motions to dismiss should not be granted. Order (Doc. 55) p. 4. Tabit-EL was warned that a failure to appropriately respond would be construed as a lack of opposition to the motions to dismiss. *Id.* The undersigned further advised Tabit-EL that to the extent her motion to quash contained arguments opposing Defendants' motions to dismiss, she should reassert them in her response. *Id.* As of this Recommendation, Tabit-EL has not filed a response.[2]

## II.  FACTUAL ALLEGATIONS

Tabit-EL purchased a home located at 582 Sunset Drive Prattville, Alabama. Am. Compl. (Doc. 46) p. 4. While the well-pleaded facts beyond this allegation are sparse, Tabit-EL appears to allege that her home was unlawfully foreclosed on, and she was illegitimately ejected from the property by the Circuit Court of Autauga County, Alabama. *Id.* at 4-5. Tabit-EL also alleges that (1) the promissory note associated with her home is forged; (2) Dewey/Trustmark recorded the forged promissory note; and (3) Lavelle and Dewey/Trustmark could not produce the promissory note. *Id.* at 5. Tabit-EL further alleges

---

[2] Since the undersigned entered the order to show cause, Tabit-EL has filed an "Affidavit of Objection[] and[/]or Rebuttals of Presumptions" (Doc. 56), a Motion for Sanctions (Doc. 57), and a Motion for Temporary Restraining Order (Doc. 58). These filings contain nothing that can be construed as a response in opposition to the motions to dismiss. But the undersigned declines to construe Tabit-EL's failure to oppose the motions as abandonment of her claims. Instead, because Tabit-EL has made several filings since the order to show cause, the undersigned concludes that she has not abandoned her claims. Therefore, the Court will review Tabit-EL's amended complaint under the Rule 12(b)(6) standard.

3

that Clerk Hill "[s]igned off on several documents that were sent to [] [her] in the course of th[e] foreclosure situation." *Id.* at 6.

Additionally, Tabit-EL alleges that her "civil rights of [d]ue process under the [] Bill of Rights were/are violated and deprived with the everyday customs, practices and procedures by [] Lavelle, Judge [] Lewis, [and] Clerk [] Hill[.]" *Id.* at 7. She also asserts that Judge Lewis "made a judgment based on documents that were not certified or authenticated under oath by [] Lavelle[.]" *Id.* at 8. And she again contends that Clerk Hill "signed off on several documents to be executed in the foreclosure process in her official capacity without first hand knowledge and in her everyday duty under color of customs, practices, and policies." *Id.* Further, Tabit-EL asserts that Judge Lewis "took jurisdiction without an injured party[.]" *Id.* at 9. She finally contends that "[t]he state process violates the due process rights of the state citizens because the statutes and codes are not valid laws[,]" and that "[t]he real estate deed fraud allowed the illegal mortgage lien to be placed against [] [her] property." *Id.*

## III. TABIT-EL'S CLAIMS

Tabit-EL asserts her first claim against Lavelle, Clerk Hill, and Dewey in both their official and individual capacities. Am. Compl. (Doc. 46) pp. 3-7. Tabit-EL alleges that the copy of the note associated with her mortgage is a forgery, and that the "original promissory note could not be produced[.]" *Id.* at 5. Based on these allegations, the undersigned construes her first claim as a "show me the note" claim.

Tabit-EL asserts her second claim against Lavelle, Clerk Hill, and Judge Lewis in both their official and individual capacities. *Id.* at 3, 7-10. She cites § 1983 and alleges that

4

"the state in this case is in violation of due process." *Id.* at 7-10. Accordingly, the undersigned construes Tabit-EL's second claim as a § 1983 procedural due process claim.

## IV. JURISDICTION

Because § 1983 claims arise under federal law, this Court has federal question jurisdiction over Tabit-EL's procedural due process claim. Tabit-EL's "show me the note" claim shares a common nucleus of operative fact with the procedural due process claim. Therefore, to the extent such a claim exists, the Court has supplemental jurisdiction over it.

## V. LEGAL STANDARD

To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must allege sufficient facts to state a claim for relief that is "plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Federal Rule of Civil Procedure 8 requires that a plaintiff file a "short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). Generally, a pleading is insufficient if it only offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action[.]" *Twombly*, 550 U.S. at 555; *see also Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557) (a complaint does not suffice under Rule 8(a) "if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"). Thus, to satisfy Rule 8(a), the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim for relief which is plausible on its face.'" *Urquila-*

*Diaz v. Kaplan Univ.*, 780 F.3d 1039, 1051 (11th Cir. 2015) (quoting *Iqbal*, 556 U.S. at 678). A claim is factually plausible where the facts alleged permit the court to reasonably infer that the defendant's alleged misconduct was unlawful. *Id.*

Generally, in pro se actions, "the court should construe the complaint more liberally than it would formal pleadings drafted by lawyers." *Powell v. Lennon*, 914 F.2d 1459, 1463 (11th Cir. 1990). Although district courts must apply a less stringent standard to pro se plaintiffs, such "leniency does not give a court license to serve as de facto counsel for a party or rewrite an otherwise deficient pleading in order to sustain an action." *Campbell v. Air Jamaica Ltd.*, 760 F.3d 1165, 1168-69 (11th Cir. 2014) (citation and internal quotations omitted).

**VI.   DISCUSSION**

Tabit-EL's amended complaint violates federal pleading standards. But even if it did not, as explained below, Tabit-EL fails to state claims upon which relief can be granted. Therefore, the undersigned recommends that her amended complaint be dismissed.

    **a. Tabit-EL's amended complaint does not meet federal pleading standards**

Rule 8 of the Federal Rules of Civil Procedure provides that, to state a claim for relief, a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" FED. R. CIV. P. 8(a)(2). Rule 10 further requires that a plaintiff must "state its claims . . . in numbered paragraphs, each limited as far as practicable to a single set of circumstances." FED. R. CIV. P. 10(b). Here, Tabit-EL's amended complaint violates Rules 8 and 10.

First, both of her claims are replete with conclusory allegations that do not plausibly show she is entitled to relief. For example, there are multiple instances where she alleges, in conclusory fashion, that Defendants engaged in forgery, fraud, or misrepresentation. Am. Compl. (Doc. 46) pp. 5, 6, 8, 9. Tabit-EL also includes allegations stating that Trustmark bank officers formed trusts, which do not appear to relate to either of her claims. *Id.* at 5, 6. And her allegation that an attorney cannot be a fact witness does not relate to, or support, her claims. *Id.* at 8.

Second, Tabit-EL's claims do not make it clear which allegations apply to which Defendants. Notwithstanding the fact that she does not limit her allegations within each claim to a single set of circumstances—in violation of Rule 10—Tabit-EL also intermingles her factual allegations against some Defendants between both claims. This makes it difficult for the Court and Defendants to determine which allegations support which claims or which claim applies to which Defendant. Moreover, this is further complicated by the fact that the amended complaint does not clearly identify what claims Tabit-EL intends to bring or which statutes support her claims. Therefore, Tabit-EL's amended complaint does not adhere to federal pleading standards and should be dismissed.[3]

---

[3] Additionally, parts of Tabit-EL's claims are barred by the *Rooker-Feldman* doctrine. A claim should only be dismissed under *Rooker-Feldman* where a losing state court litigant "calls on a district court to modify or 'overturn an injurious state-court judgment[.]'" *Behr v. Campbell*, 8 F.4th 1206, 1210 (11th Cir. 2021) (quoting *Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280, 292-93 (2005)). When determining whether *Rooker-Feldman* applies, the "claim-by-claim approach is the right one." *Id.* at 1213. And the question is not whether the complaint appears to challenge a previous state court judgment. *Id.* Rather, the question is "whether resolution of each individual claim requires review and rejection of a state court judgment." *Id.*

Here, Tabit-EL's two claims request that this Court set aside certain judgments. Am. Comp. (Doc. 46) pp. 6-7, 10. Although her allegations are not a picture of clarity, to the extent Tabit-EL requests that this Court set aside or modify the underlying state court ejectment judgment, those requests are barred by *Rooker-*

### b. Tabit-EL's "show me the note" claim is frivolous and should therefore be dismissed.

"Alabama's nonjudicial foreclosure statute does not require the party seeking foreclosure to produce the 'original' or 'wet-ink' version of the note and mortgage." *Graveling v. Castle Mortg. Co.*, 631 F. App'x 690, 697 (11th Cir. 2015) (citing ALA. CODE §§ 35-10-11 to -14). "Alabama courts that have addressed the issue have found that a party seeking to foreclose . . . need not produce the 'original wet ink signature promissory note and mortgage' before commencing foreclosure proceedings." *Id.* (quoting *Douglas v. Troy Bank & Trust Co.*, 122 So. 3d 181, 182 (Ala. Civ. App. 2012); citing *Ballentine v. Ala. Farm Credit, ACA*, 138 So. 3d 1005, 1009-10 (Ala. Civ. App. 2013)).

Here, Tabit-EL's first claim states that the copy of the note associated with her home "is a forgery" and that the "original promissory note could not be produced" during the foreclosure process. Am. Compl. (Doc. 46) p. 5. These allegations show that Tabit-EL is attempting to assert a claim under the impermissible "show me the note" theory. Accordingly, her claim fails as a matter of law and should be dismissed. *Graveling*, 631 F.App'x at 697 ("Alabama courts that have addressed the [show me the note] issue have found that a party seeking to foreclose . . . need not produce the 'orignial wet ink signature promissory note and mortgage' before commencing foreclosure proceedings."); *Douglas*, 122 So. 3d at 184 (deeming the plaintiffs' "show me the note" theory "suspect" and finding "no authority in which a nonjudicial foreclosure has been held invalid for failure to produce

---

*Feldman*. Any other requests, e.g., requests for money damages or equitable/injunctive relief that does not modify the state court judgment, are not barred. *See See Behr*, 8 F.4th at 1214 ("[C]laims that seek only damages for constitutional violations . . . not relief from judgment of the state court [] are permitted.").

or present original documentation evidencing the underlying debt and security for repayment thereof").

### c. Tabit-EL's § 1983 procedural due process claim should be dismissed

Tabit-EL brings a § 1983 procedural due process claim against Lavelle, Judge Lewis, and Clerk Hill in their official and individual capacities. As explained herein, this claim fails.

#### i. Tabit-EL's § 1983 official capacity claims against Judge Lewis and Clerk Hill are barred by Eleventh Amendment immunity

The Eleventh Amendment to the United States Constitution states that "[t]he Judicial Power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amen. XI. The Eleventh Amendment has been construed to bar suits against a state by its own citizens as well as citizens of other states. *Edelman v. Jordan*, 415 U.S. 651, 662-63 (1974) (citing *Hans v. Louisiana*, 134 U.S. 1, 13-15 (1890)). Likewise, the Eleventh Amendment prohibits suits against state officials where the state is the real party in interest. *Summit Med. Assocs., P.C. v. Pryor*, 180 F.3d 1326, 1336 (11th Cir. 1999); *see also Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985) (explaining that a suit against a government official in his official capacity is considered a suit against the official's office itself). This prohibition, known as Eleventh Amendment immunity, applies whether a plaintiff seeks monetary or injunctive relief. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100-01 (1984).

9

An exception to Eleventh Amendment immunity exists under the *Ex Parte Young*[4] doctrine, which allows lawsuits "against state officials as long as the plaintiff[] seek[s] only prospective injunctive relief to stop ongoing violations of federal law." *Friends of the Everglades v. S. Fla. Water Mgmt. Dist.*, 570 F.3d 1210, 1215 (11th Cir. 2009). The *Ex Parte Young* doctrine applies only when "a violation of federal law by a state official is ongoing[,] as opposed to cases in which federal law has been violated at one time or over a period of time in the past[.]" *Pryor*, 180 F.3d at 1337 (internal quotations and citation omitted). It is inapplicable where a plaintiff seeks "to adjudicate the legality of past conduct." *Id.*

Here, in her procedural due process claim, Tabit-EL asks the Court to "set aside the unlawful judgment of foreclosure from Judge [] Lewis with prejudice, and pay any attorney fees, balances that [are] due, equitable relief, and all other relief that she may be due." Am. Compl. (Doc. 46) p. 10. These requests for relief fall outside the *Ex Parte Young* doctrine and are barred by Eleventh Amendment immunity.

Both Judge Lewis and Clerk Hill are state actors. Therefore, Tabit-EL's claims for damages against them in their official capacities are barred under the Eleventh Amendment. *See Simmons v. Conger*, 86 F.3d 1080, 1085-86 (11th Cir. 1996) (finding that an award for damages against an Alabama state court judge based on an official capacity § 1983 claim is barred by Eleventh Amendment immunity); *Flagg-El v. Houston Cnty. Comm'n for Cts. & Jail Standards*, 2020 WL 1310276, at *5 (M.D. Ala. Mar. 2, 2020)

---

[4] *Ex Parte Young*, 209 U.S. 123 (1908).

(citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989)) (finding that a Circuit Court Clerk was entitled to Eleventh Amendment immunity as to a § 1983 official capacity claim against her for damages). And the injunctive and equitable relief Tabit-EL seeks does not fall within the *Ex Parte Young* exception because, even under a liberal construction, Tabit-EL's allegations do not suggest she is seeking injunctive relief from an ongoing constitutional violation. Therefore, Tabit-EL's request for equitable relief is also barred by the Eleventh Amendment.

Accordingly, because the Eleventh Amendment bars Tabit-EL's official capacity claims against Judge Lewis and Clerk Hill, the undersigned recommends that they be dismissed.

> ii. **Tabit-EL's § 1983 claim against Judge Lewis in his individual capacity should be dismissed because he is entitled to absolute judicial immunity**

Judges enjoy absolute judicial immunity from suit for judicial acts performed within the jurisdiction of their court. *McCullough v. Finley*, 907 F.3d 1324, 1330 (11th Cir. 2018) (citing *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978); *Dykes v. Hoseman*, 776 F.2d 942, 945 (11th Cir. 1985)). A judge enjoys absolute judicial immunity when he acts within his judicial capacity. *Id.* (citing *Dykes*, 776 F.2d at 945). In determining whether an act is judicial, a court must consider the nature and function of the judge's act, not its propriety. *Id.* at 1330-31. When examining the nature and function of the alleged act, a court considers four factors: whether (1) the act complained of is a normal judicial function; (2) the events involved occurred in chambers; (3) the controversy centered around a case pending before the judge; and (4) the confrontation arose directly and immediately out of a visit to the

judge in his official capacity. *Id.* at 1331 (citing *Dykes*, 776 F.2d at 946). The underlying motivation for the act is irrelevant, and the judge enjoys immunity regardless of whether he made a mistake, acted maliciously, or exceeded his authority. *Id.* at 1331 (citing *Dykes*, 776 F.2d at 947).

If a judge's actions are found to be judicial in nature, he is entitled to absolute judicial immunity unless he acted in the clear absence of all jurisdiction. *Id.* at 1332 (citing *Stump*, 435 U.S. at 357). A judge acts in clear absence of all jurisdiction only if he lacked subject-matter jurisdiction. *Id.* And the scope of a judge's jurisdiction is construed broadly where the issue of judicial immunity is present. *Stump*, 435 U.S. at 356.

Tabit-EL alleges that Judge Lewis: (1) "made a judgment based on documents that were not certified or authenticated under oath[;]" and (2) "took jurisdiction without an injured party[.]" Am. Compl. (Doc. 46) p. 9. Judge Lewis is entitled to absolute judicial immunity for both actions.

Because normal judicial functions include presiding over cases and entering judgment on motions in those cases, the undersigned finds that these actions were judicial in nature. *See Abdul-Karim v. Dees*, 2018 WL 4924339, at *3 (M.D. Fla. Oct. 10, 2018) (stating that conducting hearings, ruling on motions, and entering orders are all normal judicial functions). Further, Judge Lewis, as an Alabama Circuit Court judge, did not act in clear absence of jurisdiction by presiding over the ejectment suit between Trustmark and Tabit-EL. *See Jackson v. Davis*, 153 So. 3d 820, 827 (Ala. 2014) (stating that Alabama Circuit Courts have subject-matter jurisdiction over ejectment actions). Therefore, Judge Lewis is entitled to absolute judicial immunity for the alleged acts in Tabit-EL's amended

complaint, and the undersigned recommends that Tabit-EL's § 1983 claim against Judge Lewis in his individual capacity be dismissed.

### iii. Tabit-EL's § 1983 claim against Clerk Hill in her individual capacity should be dismissed because she is entitled to quasi-judicial immunity

Clerks of Court enjoy two types of immunity from individual capacity suits. In limited circumstances, Clerks of Court are entitled to absolute quasi-judicial immunity if they engage in actions they are specifically required to do under court order or at a judge's direction. *Tarter v. Hury*, 646 F.2d 1010, 1013 (5th Cir. Unit A 1981). Put differently, clerks of court have absolute immunity for their duties that are integrally related to the judicial process. *Jenkins v. Clerk of Court*, 150 F. App'x 988, 990 (11th Cir. 2005); *see also Mullis v. U.S. Bankruptcy Court for the Dist. of Nevada*, 828 F.2d 1385, 1390 (9th Cir. 1987) ("Court clerks have absolute quasi-judicial immunity from damages for civil rights violations when they perform tasks that are an integral part of the judicial process.").

Here, Clerk Hill's conduct was integrally related to the judicial process. Specifically, Tabit-EL alleges that Clerk Hill "signed off on several documents to be executed in the foreclosure process in her official capacity . . . ." Am. Compl. (Doc. 46) p. 8. A clerk's actions in filing papers in a court's files is an integral part of the judicial process. Therefore, Clerk Hill is entitled to quasi-judicial immunity, and Tabit-EL's § 1983 individual capacity claim against her should be dismissed.[5]

---

[5] Assuming, *arguendo*, that Clerk Hill is not entitled to quasi-judicial immunity, she is still entitled to qualified immunity. Whether Clerk Hill was signing off on documents related to the judicial process or a foreclosure, her actions were legitimate job-related functions exercised within her discretionary authority as Clerk of Court. *See Echols v. Lawton*, 913 F.3d 1313, 1319 (11th Cir. 2019) ("To obtain a dismissal based on qualified immunity, a government official must first establish that he was acting within the scope

### iv. Tabit-EL's § 1983 claim against Lavelle should be dismissed because she does not adequately allege that Lavelle is a state actor

Section 1983 claims can only be brought against a person acting under color of state law. *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49-50 (1999). For a defendant's actions to be attributable to the state, (1) the deprivation must be caused by either the exercise of some state right or privilege, a state rule of conduct, or a person for whom the state is responsible for, and (2) the party charged with the deprivation must be a person who may be fairly considered a state actor. *Harvey v. Harvey*, 949 F.2d 1127, 1130 (11th Cir. 1992) (quotations omitted) (citing *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982)). "Only in rare circumstances can a private party be viewed as a 'state actor' for [§] 1983 purposes." *Id.* For a private actor to be considered a state actor, the private actor must (1) exercise a traditionally public function; (2) act in concert with public officials; or (3) engage in conduct compelled by the state. *Id.*

Here, Tabit-EL's allegations do not establish that Lavelle is a state actor. At the outset of her amended complaint, Tabit-EL identifies Lavelle as "an [a]ttorney for Spina & Lavelle, P.C.[.]" Am. Compl. (Doc. 46) p. 3. This establishes that he is not a state employee. Additionally, Tabit-EL's conclusory allegation that "L[a]velle is paid by the state[,]" *id.* at 9, is insufficient to show that Lavelle engaged in any conduct that would make him a state actor.

---

of his discretionary authority when the alleged wrongful act occurred.") (internal quotations and citation omitted); *see also Spencer v. Benison*, 5 F.4th 1222, 1230 (11th Cir. 2021). And Tabit-EL does not allege sufficient facts to establish a constitutional violation by Clerk Hill. Therefore, Clerk Hill's actions would be covered by qualified immunity.

14

Because Tabit-EL has not adequately alleged that Lavelle is a state actor, she cannot bring a § 1983 claim against him. Accordingly, the undersigned recommends that Tabit-EL's § 1983 claim against Lavelle be dismissed.

## VII. CONCLUSION

Accordingly, it is the

RECOMMENDATION of the undersigned magistrate judge that Defendants' Motions to Dismiss (Docs. 48, 49, 50) be GRANTED. It is further

ORDERED that the parties shall file any objections to this Recommendation on or before August 22, 2023. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH CIR. R. 3-1. *See Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE this 8th day of August, 2023.

_____
Stephen M. Doyle
CHIEF U.S. MAGISTRATE JUDGE